## MARTIN & DAVIS *v.* BROWNER, *et als.*

A party cannot, under pretense of holding land in exclusive occupancy as a town lot, take up and enclose twelve acres of mineral land, in the mining district, as against persons who subsequently enter upon the land in good faith for the purpose of digging for gold therein, and who, in such operations, do no injury to the comfortable use of the premises as a residence, or for the carrying on of any mechanical or commercial business.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The facts sufficiently appear in the opinion of the Court.    Defendants had judgment in the Court below, and plaintiffs appealed.

*Francis J. Dunn* for Appellants.

*McConnell & Niles* for Respondents.

The law in California affecting the respective rights of farmers and miners upon the mineral lands, has been thoroughly discussed and settled in this Court.

The doctrine settled in the cases of McClintock v. Bryden, 5 Cal. 97, and Barrett v. Stokes, *Ib.*, 36, has never been disturbed.

That any appropriation of lands in the mineral regions for agricultural purposes, is subject to the right of any citizen to enter upon the same and dig for gold, is now the settled law of the land.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

Waiving the serious question whether this appeal is properly before us for want of a statement of facts, so far as the errors assigned by appellants are concerned, we think their case is without merit.    The action was ejectment for a portion of a lot of about twelve acres in a small mining town.    The plaintiffs claimed to have title to it, by having taken possession of and inclosing it, it being public land.    It seems that the site of this village, including a portion of this lot sued for, was mining land, and parts of it had been worked as such before plaintiffs' inclosure.    The defendants entered upon and were using a portion of this lot for mining purposes, but this portion was not contiguous to the buildings or the ground immediately about the buildings of the plaintiffs ; nor was the use of this portion by defendants shown to injure or in any way conflict with the comfortable use'of the premises by plaintiffs as a residence, or for the carrying on of any mechanical or commercial business.    At most, it could only interfere with them in cultivating the soil.    The Court instructed the jury, in effect, that a person cannot, under the pretense of a town lot, locate and hold a large tract of mining land in the mineral region of this State, as against persons who enter in good faith for the purpose of digging gold therein ; that,

while a person might be entitled to hold a town lot by location or purchase, as against miners, such lot must be so holden in good faith and for that purpose ; and that one cannot, under the mere pretext of a town lot, hold a large portion of land for agricultural purposes as against the claim of the miner. ·

We think the law was correctly put to the jury on this state of facts. It is apparent that, if under pretense of holding land in exclusive occupancy as a town lot, a party can take up twelve acres of mineral land in the mining district, which, before his appropriation, was used and is mainly valuable for mining purposes, and hold it as owner, he may take up twice or four times that quantity ; and the consequence would be that all of the mineral lands in a neighborhood might be appropriated by a few persons, by their making a village or hamlet on or near the land so appropriated.    This would be to destroy to a great extent, if not entirely, the principle held by this Court in McClintock v. Bryden, and Barrett v. Stokes, which we have no desire to disturb.

We limit our decision as a precedent to the facts of this particular case, as it is impossible to prescribe a rule in such cases which must be of universal application.    All that we deem it necessary now to hold is, that the facts of *this* case do not exempt it from the rule in the case of McClintock v. Bryden, 5 Cal. 97.

Judgment affirmed.